By the Court.—Sedgwick, J.
The defendant was asked several questions, which in their form called for *511 his inferences and conclusions. These were properly excluded. It is unnecessary to give particular attention to them.
He was asked other questions, which called for conversations with Wil'iam H. Goodwin, the deceased member of plaintiff’s firm. These questions were properly asked if they were not excluded by the effect of section 399 of the Code of Procedure. It is not argued that these questions would have been admissible if the plaintiff had not testified as to his interview with the defendant, or that the sale was consummated in an interview between the defendant and the deceased partner. It is argued that his testifying to these matters permitted the questions, since it is provided by the last clause of the section, that the prohibition shall not extend to any transaction or communication to which any such survivor shall be examined on his own behalf.
I think the plaintiff was at liberty to testify to that part of the negotiations which took place between him and the defendant personally, without opening the door to testimony as to what was done between the deceased partner and the defendant personally, and which closed the negotiations. The clause, saying that the prohibition shall not extend to a transaction, &c., clearly refers to such a transaction as could not be testified to by the previous terms of the section. That is a personal transaction between a witness and the deceased. In a general sense, if the deceased acted in part of a transaction, and the survivor in the rest of it, the whole is but one transaction, andif the survivor testifies to what he took part in personally, he testifies to the transaction. This is true, however, only in legal idea or judgment; for, as a matter of fact and actual occurrence, what the one did was not a part of what the other did. The section relates to testimony to facts or actual occurrences. For the purposes of the section what was done between a defendant and a sur *512 ■vivor, not being a part of what was done with the ■deceased, there is no ground for saying that the plaintiff having been allowed to give part, the defendant ■should have been allowed to give the rest.
■' But the plaintiff did testify to what took place between bis deceased partner and the defendant, in saying that the deceased partner accepted the offer of the "defendant. If this had the force of evidence, the question we are considering would, without doubt, have been allowed by the court. But it appeared that the witness was not present at any interview between the deceased and defendant. He knew of it only from what his brother said. Clearly, this had no force ■as testimony. It was not evidence against the defendant. If the case had gone to the jury, there would be room to say that they might have-been influenced by it. But the case was disposed of by the /court, in whose mind this had no weight whatever. It •must be treated as if no evidence had been given as to the interview between the defendant and the deceased, and as not permitting the defendant to testify as to that interview.
It will be observed that the case does not call for any decision as to the result of testifying to a communication between a defendant and a living partner, which in itself contained such a reference to what was -said or done between a deceased partner and the defendant, that a knowledge of the latter would be necessary to an understanding of the former.
But this brings up the consideration of whether if the court did reject this hearsay testimony, and the case was left upon an incomplete negotiation between the parties, in which the price was not fixed, .and as to which there was conflicting evidence, it ■was correct, to direct a verdict for the plaintiff, on the assumption that a complete contract appeared in the *513 case in.behalf of plaintiff, and that there was no evidence to take the defense to the jury.
. I am of opinion that the answer admitted all that the plaintiff would have been called on to maintain if the answer made an issue with the averments of the complaint.- The first paragraph of the answer is the one alone which makes any pretense to deny any allegation of the complaint. That denies that the defendant bought any goods of the firm of William H. Goodwin & Company “except upon the conditions hereinafter set forth.” The complaint had averred nothing as to conditions, and the clause quoted is in no sense a denial of anything in the complaint. It is insensible unless it is construed, that he denies that he bought any goods, absolutely as stated in the complaint, but he admits he did, conditionally, and upon the condition afterwards stated.
. In looking to the rest of the answer, we find no allegations of a sale upon condition. Certain representations are alleged to have been made (but not fraudulently) as inducements to the defendant to purchase, and also “a guarantee” in respect of the goods is alleged. These representations and this guarantee are not inconsistent with the defendant having bought the goods and promised to pay, as alleged in the complaint. They rather imply that he did. He does not claim that the price was improperly averred in the complaint. These averments of. the answer do not annul the contract of sale, stated in the complaint, but furnish an independent defense which he should affirmatively maintain. On this state of. the issue, the plaintiff had nothing to prove, but defendant was to prove his affirmative defense. He sought to do this by the questions as to the interviews between himself and the deceased partner, which we have considered to be inadmissible. He farther gave some testimony that .he made certain statements to the plaintiff. The circa m- *514 stances under which they were made were such, that it would be a question for the jury whether the plaintiff’s silence or replies were not virtually an admission of the truth of the statements. The defendant’s evidence as to the substance of these statements was vague and disconnected. It was so uncertain that it is best not to weigh on appeal several delicate considerations' that arise from it, especially in view of the character of another exception that we now refer to.
The defendant had testified that while the preliminaries to the sale were on foot, the plaintiff saicl to him, in reference to the price of the machines, “My brother and Mr. Pearl have the entire control of this machine business, and whatever arrangement they may make, I shall be satisfied and content with.” After this testi- , mony, á witness, who proved that he was foreman of the defendant, and in charge of his shop, was asked, “State when ,Mr. Pearl first- came to Mr. Hirsoh’s place and spoke to you about the mode and manner in ■which those machines were at your place ?” The defendant’s counsel further offered to prove, in connection with the question, after it had been objected to and excluded, that the time referred to was before the delivery of any of the machines. The court ruled that declarations of Pearl, in the presence of William H. Goodwin or Eben Goodwin, would be allowed, but those made to another party should be excluded. The defendant’s counsel then,further offered to prove by the witness, a conversation with Pearl about the contract which was to be entered hito. Exceptions were duly taken. In view of the testimony that the plaintiff had •said that his brother and Pearl had sole control of the machine business, Pearl’s oral statements in the course of the negotiation, might have been part of the oral agreement, or an inducement to the making of the contract. They were alleged to have been made to the defendant’s foreman. If communicated to the defend-. *515 ant by the witness, and acted upon, there can be no doubt they were evidence. It not appearing that they were so communicated that it could be left to the jury to say that they were part of the contract, or of the inducement that led to it, the general objection that was taken might have been good, if the ruling of the court had not been that Pearl’s declarations to any one, except made in the presence of one of plaintiff’s firm, were not evidence. This was, in substance; a ruling that defendant should not give the evidence proposed, although the declarations were communicated to the defendant. After that, the defendant could not do otherwise, than deem that to be the law of case. Moreover, from all that passed, I think we can see that no question could have been intended to be raised by plaintiff, as to Hirsclr s foreman having told Hirsc-h, what was said. Of course, questions of that character should be excluded, if it appeared that the statements of Pearl did not- make part of the contract, or of the inducement that led to the ccntracj. Mere colloquial narrations of an agent do not bind the principal. The party offering" the evidence, must show prima facie that it is competent, unless there are in the case such circumstances, as we think there are here, that indicate that facts which would render the evidence competent, were not disputed, or were conceded for the occasion of the ruling.
For the reason last given, the exceptions must be sustained, the verdict set aside, and a new trial ordered, with costs to defendant to abide event.
Monede, Ch., J. and Freedman, J. concurred.